UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL P LAGATTA,     }
             }
   Plaintiff,     }
VS.          }  CIVIL ACTION NO. H-08-3189
             }
HARRIS COUNTY, *et al*,    }
             }
   Defendants.    }

**OPINION & ORDER**

     Pending before the Court is Defendant Harris County's ("Harris County" or "the County") Motion to Dismiss (Doc. 8), and the response thereto.  For the reasons set forth below, the Court DENIES the motion.

**I.**  **Background & Relevant Facts.**

     This case concerns the alleged unprovoked assault by a jailer of a pre-trial detainee.  Plaintiff Michael P. LaGatta ("LaGatta") brings suit alleging violations of the Fourth, Eighth and Fourteenth Amendment under 42 U.S.C. § 1983 ("§ 1983").  Specifically, LaGatta brings suit against Harris County under § 1983 for its policies, practices and customs including responsiveness to "significant violence against pre-trial detainees," "access to medical care," "failure to train, discipline or supervise law enforcement officers," as well as ratification of the acts of its agents by its subsequent failure to discipline or retrain those involved.  Doc. 1 at ¶50. Harris County seeks dismissal of the complaint, arguing that LaGatta only seeks to hold Harris County liable under *respondeat superior* liability in violation of *Monell v. Dep't. Of Social Sciences*, 436 U.S. 658, 694, (1978).

     The following are the allegations of Plaintiff's complaint.  On or about March 15, 2007, LaGatta and his girlfriend Cara Pepitone ("Pepitone") were arrested on charges

of trespass.  Doc. 1 at ¶14-17.  Once at the jail, Deputy Timothy Gough ("Gough") beat LaGatta without provocation while LaGatta wore handcuffs.  Doc. 1 at ¶1.  LaGatta suffered, as a result of the beating, bleeding, a broken bone near his right eye, contusion of the nose, back and mouth contusions, ringing ears, and pain to the head, abdomen, and back.  Doc. 1 at ¶2.  Despite his repeated requests for medical care, LaGatta was denied any medical treatment while he remained in the jail for over a day.  Doc. 1 at ¶3.

Deputies Mike Medina ("Medina") and Christopher Baley ("Baley") provided sworn statements that they were present at the time of the beating.  Doc. 1 at ¶33 & ¶35.  Neither prevented the attack nor gave medical care after it.  Doc. 1 at ¶37.  LaGatta recalls a group of several deputies then taking him to a cell, stripping him naked and leaving him there in handcuffs, bleeding on the floor.  Doc. 1 at ¶20.  When the deputies returned they used paper towels to clean the blood off LaGatta and took him to booking.  Doc. 1 at ¶23.  According to a video recording from the jail, Gough bragged to others at the station that he had "beaten the shit" out of LaGatta.  *Id*.

LaGatta later saw Pepitone being moved and called out that he had been beaten.  Doc.1 at ¶24.  She began crying.  *Id*.  A deputy told LaGatta he would be beaten again if she did not stop.  *Id*.

LaGatta later saw "another officer," presumably uninvolved in the beating.  Doc. 1 at ¶25. LaGatta complained he had been beaten and requested medical care for himself and Pepitone.  *Id*.  The officer "told him to shut up."  *Id*.

On or about March 17, 2007, LaGatta was released from jail, as was Pepitone.  Doc. 1 at ¶27.  Photographs taken at the time of his release show that LaGatta still had significant apparent injuries and swelling.  Doc. 1 at ¶28.  These injuries required LaGatta to go to Houston

Northwest Medical Center soon after his release.  *Id*.  There LaGatta's injuries were documented.

*Id*.  LaGatta alleges that he still suffers from blurred vision, ringing ears, disfigurement, nasal

draining and problems sleeping.  *Id*. at ¶2.

On or about March 19, 2007, LaGatta complained to Internal Affairs and gave a

sworn statement regarding the beating.   Doc. 1 at ¶30.   Internal Affairs conducted an

investigation, and, as a result, Gough was charged by the District Attorney with felony assault.

*Id*.  This was not Gough's first attack on a detainee.  Harris County had in fact charged Gough

with aggravated assault on Ron Brown ("Brown"), a detainee, on February 27, 2007, just two

weeks prior to the assault on LaGatta.  Doc. 15 at 10.  Plaintiff alleges that Harris County did

nothing to discipline or retrain Gough after the first assault.  Doc.1 at ¶43.  As a result of the

criminal charges brought against Gough,  Harris County terminated his employment.

Harris County concluded its investigation without disciplining or retraining any

officers, except Gough.  Doc. 1 at ¶42.

## II.        <u>Standard of Review.</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing

of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  Fed.

R. Civ. P. 12(b)(6).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of a cause of

action's elements will not do.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)

(internal citations and quotations omitted).  The Supreme Court expounded upon the *Twombly*

standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n],' 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

However, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."  *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Therefore, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff's claims, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

**III.**        **Analysis.**

Section 1983  provides, in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates." *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 635 (S.D.Tex. 2001) (quoting *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1578 (5th Cir. 1989)). Before the plaintiff can successfully assert § 1983 as a valid cause of action against the defendant, the plaintiff must first identify one or more specific constitutionally protected rights that have been infringed. *Id.* at 635 (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

For pretrial detainees such as LaGatta, the State has a general duty to care for the well-being of those it has rendered unable to fend for themselves through incarceration, rooted in the substantive and procedural components of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc) ("*Hare I*"). Thus, "[p]retrial detainees have a constitutional right to medical care and protection from harm during their confinement." *Brumfield v. Hollins*, 551 F.3d 322, 327 (5th Cir. 2008)(quoting *Hare*, 74 F. 3d at 650).

Municipal liability under § 1983 may not be predicated on *respondeat superior*. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, the plaintiff must demonstrate: "(1) that the municipal employee violated [the pretrial detainee's] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999). To demonstrate subjective deliberate indifference under the first prong, the plaintiff must show that the municipal employee "knew of and disregarded an excessive risk to the [detainee's] health or safety." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Under the second prong, the plaintiff must identify a policymaker and show that an official policy is the "moving force" behind the municipal employee's allegedly unconstitutional act. *Piotrowski*, 237 F.3d at 578.

The objective deliberate indifference standard "considers not only what the policymaker actually knew, but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the [pretrial detainee's] rights." *Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002); *see Burge*, 336 F.3d at 370 ("Knowledge on the part of a policy maker, [either actual or constructive,] that a constitutional violation will most likely result from a given official custom or policy is a *sine qua non* of municipal liability under section 1983.").

In his many allegations regarding the municipal liability of Harris County, LaGatta has failed to "identify a policymaker" as required by *Monell,* 436 U.S. at 694.  Such a failure is fatal in the Fifth Circuit.  *See, e.g.*, *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) ("Actual or constructive knowledge of [a] custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority.").  Despite his argument to the contrary in his response (Doc. 15) to Harris County's motion to dismiss, his complaint is one alleging liability by way of *respondeat superior*.  Accordingly, it is hereby

ORDERED that Defendant Harris County is DISMISSED.

SIGNED at Houston, Texas, this 26th day of August, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE