UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL P LAGATTA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-08-3189 |
| § | |
| HARRIS COUNTY, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Harris County's Motion to Dismiss (Doc. 44), as well as Plaintiff Michael P. LaGatta'a ("LaGatta") response (Doc. 55) and Harris County's reply (Doc. 60). Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant Harris County's motion should be denied.

I. Background and Relevant Facts

This case concerns the alleged unprovoked assault by a jailer on a pretrial detainee. The facts of this case were outlined by the Court in its Opinion and Order dated August 26, 2009. (Doc. 25.) On October 27, 2008, Plaintiff LaGatta filed suit alleging violations of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. (Doc. 1.) On August 26, 2009, the Court dismissed Harris County from the suit. (Doc. 25.) On April 26, 2010, the Court granted LaGatta leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2) and to reinstate his claim against Harris County. (Doc. 41.) LaGatta filed his amended complaint. (Doc. 42.) Harris County now moves to be dismissed again pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 44.)

II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III. Discussion

In addition to Timothy Gough, the deputy who allegedly assaulted him, LaGatta sues Harris County under § 1983 for its policies, practices, and customs including responsiveness to "significant violence against pre-trial detainees," "access to medical care," "failures to train, discipline or supervise law enforcement officers," as well as ratification of the acts of its agents by its subsequent failure to discipline or retrain those involved. (Doc. 42 ¶ 50.) In his amended complaint LaGatta added the following information:

> 52. For purposes of establishing municipal liability, Harris County policymakers include the following:
> (a) Harris County Commissioners Court, which had actual or constructive knowledge of all conditions of confinement challenged in this Amended Complaint, and of all challenged policies, practices, and customs (with respect to which Commissioners Court was deliberately indifferent), that as a moving force caused injuries to Plaintiff as described above; and
> (b) the Harris County Sheriff, who had actual or constructive knowledge of all conditions of confinement challenged in this Amended Complaint, and of all challenged policies, practices, and customs (with respect to which the Sheriff was deliberately indifferent), that as a moving

force caused injuries to Plaintiff as described above.

(c) Both Harris County Commissioners Court and the Harris County Sheriff have statutory responsibility to provide safety for detainees in the jail, and both are policymakers with respect to all conditions of confinement, policies, practices, and customs challenged in this case.

(d) Insofar as policymakers can be determined based on custom and usage having the force of law, as well as based on positive law, Plaintiff specifically pleads that discovery may lead to the identification of policymakers – other than those named above – who have such actual or constructive knowledge concerning the unconstitutional conditions, policies, practices, and customs that as a moving force caused injuries to Plaintiff as described above.

53. On June 4, 2009, the United States Department of Justice (DOJ) sent a letter (the Findings Letter) to the Honorable Ed Emmett, County Judge of Harris County, reporting factual findings made pursuant to DOJ authority under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, concerning conditions of confinement, policies, practices, and customs of Harris County jail. Parts of the Findings Letter are quoted below.

54. As part of the conditions of confinement, policies, practices, and customs challenged in this case, actually or constructively known to Harris County policymakers including the Sheriff and Commissioners Court, which as a moving force contributed to cause the above-described harms to Mr. LaGatta, it is alleged that for a long time preceding the assault against Mr. LaGatta:

(a) "certain conditions at the [j]ail violate the constitutional rights of detainees," and Harris County jail "fail[ed] to provide detainees with adequate: (1) medical care; [and] (3) protection from serious physical harm" (with "the number of inmates' deaths related to inadequate medical care . . . [being] alarming");

(b) Harris County jail "lack[ed]: (1) a minimally adequate system for deterring excessive use of force, and (2) an adequate plan for managing a large and sometimes violent detainee population";

(c) "neither written policy nor training provide[d Harris County jail] staff with clear guidance on prohibited use of force practices";

(d) in "a significant number of incidents [] staff used inappropriate force techniques, often without documented investigation or correction by supervisors", and jail "staff use[d] hazardous restraint and force techniques without appropriate guidance or sanction" – such a lack of documented "correction" and lack of "appropriate guidance or sanction" applied (i) even to repeat offenders such as Mr. Gough in this case, who previously had used excessive force against detainees (sometimes known as tuning, such as occurred against Mr. Brown, just weeks before the assault on Mr. LaGatta, without offending officers being even transferred or suspended pending investigation), or who failed to secure medical

treatment for detainees in need (as multiple officers failed to do in this case), (ii) to those who had failed to report the use of excessive force or other misconduct by other peace officers, even when it implemented an unconstitutional code of silence, as occurred in this case, and (iii) to those who otherwise failed to protect detainees, even where – as here – multiple peace officers witnessed a crime – to the contrary, officers involved in misconduct (as here) have been promoted;

(e) Harris County jail "use of force policies fail[ed] to distinguish between planned use of force . . . and unplanned use of force";

(f) Harris County jail "policies d[id] not provide for routine videotaping of use of force", "[t]he four main facilities [of the jail did] not have video surveillance in critical areas", and "satellite facilities [of the jail] also lack[ed] adequate video surveillance" (illustrated in this case where there was no videotape from the regularly used hall where officers beat Mr. LaGatta);

(g) Harris County jail did "not have an appropriate administrative process for reviewing use of force[, j]ail policy d[id] not clearly require the individual using force to file a use of force report; nor d[id] [j]ail policy provide for routine, systematic collection of witness statements" – and "[w]hen supervisors review[ed] use of force incidents, they d[id] not have ready access to important evidence[, i]nstead, they appear to [have relied] excessively on officer statements to determine what happened during an incident", and "when force was investigated by supervisors, it appears that supervisors often determined that staff's use of force was appropriate without obtaining independent medical review or multiple witness statements";

(h) Harris County jail's "disciplinary process . . . lack[ed] safeguards to protect witness confidentiality";

(i) Harris County jail did "not collect [appropriate use of force] documents as a matter of course", so that "use of force occurred at the [j]ail without adequate review", and "[j]ail data regarding use of force levels cannot be considered reliable" – indeed, the above-described failures have been made significantly worse by the antiquated methods by which Harris County jail kept records, such over-reliance on paper files and terribly outdated computers in systems that frequently failed to record critical information;

(j) "[a]s a result of systematic deficiencies including a lack of appropriate policies and training, [Harris County j]ail expose[d] detainees to harm or risk of harm from excessive use of force", and this included beatings such as those suffered by Mr. LaGatta;

(k) Harris County jail's "crowded conditions . . . exacerbate[d] many of the constitutional deficiencies", and "[j]ail crowding affect[ed] multiple [j]ail systems[,] for instance, it impede[d] detainee access to medical care . . . and reduce[d] the staff's ability to supervise detainees in a safe manner"; and

(l) the crowded conditions reflected understaffing of peace officers

> and others that had persisted for many years, as found repeatedly in annual, official investigations by the Texas Commission on Jail Standards, resulting also in mandatory overtime and overuse of new officers that contributed to cause significantly increased risk of violence by jail staff against detainees, as well as risk that detainees would not receive proper medical attention even when they were known to have suffered serious bodily injury – which harms and risks were previously found at Harris County jail in long-running litigation generally known under the name *Alberti*, but Harris County repeatedly refused to secure funds needed to provide sufficient levels of staffing.
> 
> *Quoting* the DOJ Findings Letter at 2 & 14–18; *see also id.* at 3 (the quotations refer to "CONSTITUTIONAL DEFICIENCIES", capitalization in original). The challenged conditions of confinement, policies, practices, and customs persisted until after Mr. LaGatta's unconstitutional beating in Harris County jail.

(Doc. 42 ¶¶ 52–54.)

Municipal liability under § 1983 may not be predicated on *respondeat superior*. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, the Plaintiff must demonstrate: "(1) that the municipal employee violated [the pretrial detainee's] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528–29 (5th Cir. 1999). To demonstrate subjective deliberate indifference under the first prong, the plaintiff must show that the municipal employee "knew of and disregarded an excessive risk to the [detainee's] health or safety." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Under the second prong, the plaintiff must identify a policymaker and show that an official policy is the "moving force" behind the municipal employee's allegedly unconstitutional act. *Piotrowski*, 237 F.3d at 578.

"[A] plaintiff can sue a municipality for deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Milam v. City of San Antonio*, 113 Fed. Appx. 622, 625 (5th Cir.

2004), citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) (internal quotations omitted). Furthermore, "municipal custom can sometimes be proven through evidence of a persistent pattern of conduct." *Milam*, 113 Fed. Appx. at 625, citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). However, "[i]t is not enough that an illegal custom exist; municipal policymakers, who are the persons capable of subjecting a municipality to liability, must be chargeable with awareness of the custom." *Milam*, 113 Fed. Appx. at 625 n.3, citing *Pineda v. City of Houston*, 291 F.3d 325, 330–31 (5th Cir. 2002).

In his amended complaint, LaGatta alleges that his assault by Deputy Gough resulted from municipal policies that were adopted and maintained with deliberate indifference. (Doc. 42 ¶¶ 52–54.) As required, LaGatta identifies policymakers and the official policies he alleges are the moving force behind Deputy Gough's allegedly unconstitutional act. (*Id.*) From the DOJ letter excerpted above, there is a basis for inferring that the policymakers are "chargeable with awareness of the custom." *Milam*, 113 Fed. Appx. at 625 n.3. LaGatta's allegations against Harris County for municipal liability are therefore sufficient to withstand this Rule 12(b)(6) challenge.

IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant Harris County's Motion to Dismiss (Doc. 44) is **DENIED**.

SIGNED at Houston, Texas, this 22nd day of March, 2011.

                                                    MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE